THOS. B. MATTINGLY *v.* LOUISVILLE & NASHVILLE RAILROAD CO.

**New Trial—Presiding Judge Dies Pending Motion—New Trial Granted by Successor.**

    The judge who presided over the trial having died without disposing of the motion for a new trial, his successor granted it without any knowledge of the evidence adduced on the trial, or of the rulings or instructions of the court and a verdict and judgment was rendered for the defendant on the second trial.

    **Held,** that reasonable and fair presumption should be indulged in, in favor of the correctness of both the finding of the jury, and the action of the court in supervising the trial; and the general rule seems to be that a new trial ought not to be granted without such knowledge or information as will enable the court to exercise a sound judicial discretion in determining the question involved; which information can be brought to the mind of the judge by competent evidence.

APPEAL FROM MARION CIRCUIT COURT.

January 23, 1872.

Opinion by Judge Hardin:

This action was twice tried in the circuit court. The first trial resulting in a verdict and judgment for the plaintiff for the sum of $125—and the judge who presided over the trial having died, without disposing of a motion, which was made by the defendant for a new trial, his successor granted a new trial, as appears in the record, without considering or ever having any knowledge of the evidence adduced on the trial, or of the rulings or instructions of the court; and a verdict and judgment having been rendered for the defendant on the second trial, the plaintiff has appealed to this court; and his counsel relies mainly for a reversal on the ground that the court erred in setting aside the first judgment without any knowledge of the grounds upon which the motion for a new trial was based.

In the absence of any evidence conducing to a contrary conclusion every reasonable and fair presumption should be indulged in favor of the correctness of both the finding of the jury and the action of the court in supervising the trial and the general rule seems to be that a new trial ought not to be granted without such knowledge or information and consideration by the court of the ground of complaint against the judgment, as will enable the court to exercise a sound judicial discretion in determining the questions involved; which knowledge or information could have been brought to the mind of the judge in this case by an enquiry as to what occurred on the trial, and such an enquiry should, if asked, have been allowed to the party seeking to vacate the judgment (*Graham & Waterman on New Trials, pages* 596 to 599).

For the error indicated the judgment is reversed and the cause remanded with directions to allow the defendant, if it shall ask to be permitted to do so, to establish by any competent evidence the facts which transpired on the former trial in passing on the motion for a new trial.

*W. B. Harrison, for appellant.*

*Noble, for appellee.*